**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **MARIA ELENA GUERRERO,** § | |
| § | |
|     **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00144-O-BP |
| § | |
| **COMMISSIONER OF SOCIAL** § | |
| **SECURITY,** § | |
| § | |
|     **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the record in the above-captioned case. Because Plaintiff has not effected service of process, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice**.

**I.    BACKGROUND**

Maria Guerrero's daughter suffers from a medical condition similar to sickle cell anemia. ECF No. 1 at 1-2. On her daughter's behalf, Guerrero applied for supplemental security income benefits under the Social Security Act. *See id.* at 1; *see generally* 42 U.S.C. §§ 1381-1383f. In 2020, the Commissioner of Social Security denied her application. *See* ECF No. 1 at 3. It appears Guerrero did not initially challenge the denial, but she later requested from the Social Security Appeals Council more time to initiate a civil action seeking judicial review. *See id.* The Council granted her request on February 3, 2022. *Id.*

So, on February 25, 2022, Guerrero filed this action seeking such review. *Id.* at 1. She filed concurrently with her Complaint a motion for the appointment of counsel (ECF No. 2) and an application to proceed *in forma pauperis*. ECF No. 3. The Court denied the motion because Guerrero did not show exceptional circumstances warranting Court-appointed counsel. ECF No. 7.

The Court issued two Orders and Notices of Deficiency relating to the application (*see* ECF Nos. 8-9), which ultimately became moot because Guerrero paid the filing fee for her case to proceed. *See* ECF Nos. 10-12. And so, Guerrero proceeded *pro se*.

As of April 4, Defendant had not received service of process, so the Court reminded Guerrero of her responsibility under the Federal Rules of Civil Procedure to ensure Defendant receives service of a summons and a copy of her Complaint within ninety days of the Complaint's filing date. ECF No. 12. But as of May 31, more than ninety days had lapsed, and the record reflected no service on Defendant. *See* ECF No. 13. Even so, the Court extended the *pro se* Guerrero's service deadline until June 21, warning her that failure to effect service by then may result in her case's dismissal under Federal Rules of Civil Procedure 4(m) or 41(b) for want of service or failure to comply with the Court's Order, respectively. *Id.* As of today, June 24, the record still reflects Defendant has not been served.

## II.   LEGAL STANDARDS AND ANALYSIS

Service of process references the requirement that, in any civil action, a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). The "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)" (*id.*), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "A litigant's pro se status neither excuses h[er] failure to effect service nor excuses h[er] for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (discussing Rule 4(m)).

The *pro se* Guerrero filed her Complaint on February 25, 2022. ECF No. 1. Having paid the filing fee (ECF Nos. 10-11), she was responsible for effecting service of process by May 26, ninety days later. *See* Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(a) (Computing Time). Even though the Court reminded Guerrero of her responsibility (ECF No. 12), Defendant did not receive service by May 26 or after.

Noting Guerrero's *pro se* status, the Court exercised its authority under Rule 4(m) in ordering service be made by a specified time, namely June 21. ECF No. 13; *see also* Fed. R. Civ. P. 4(m). The Court warned Guerrero that her case could be dismissed if service remained unaffected after June 21. ECF No. 13.

As of today, June 24, service remains unaffected. Guerrero has not requested a time extension for effecting service, and she has not otherwise shown good cause for the want of service. *See* Fed. R. Civ. P. 4(m). Aside from her paying the filing fee, there are no signs of activity from Guerrero since February 25, when she started this action. *See* ECF Nos. 1-13; *see also* Fed. R. Civ. P. 41(b) (stating the Court's additional authority to dismiss cases for failure to prosecute or follow Court orders).

With roughly four months having passed since Guerrero filed her Complaint, the Court must either dismiss this case without prejudice or set a new specified time for service. Fed. R. Civ. P. 4(m). Because the Court already extended Guerrero's service deadline once (ECF No. 13), the Court now should dismiss this case, with one exception provided below.

### III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 4(m). However, if Guerrero effects service and files proof of that service within the fourteen-day period permitted for objections (see

below) or by such other deadline as Judge O'Connor may set, then the undersigned will withdraw this recommendation. Guerrero may reference the Court's April 4 Order (ECF No. 12) for an overview of Rule 4's service requirements.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 24, 2022.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4